OF

## THE STATE OF NEW JERSEY.

## 1916.

EDWIN ROBERT WALKER, ORDINARY.

FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, JAMES E. HOWELL, VIVIAN M. LEWIS, JOHN
H. BACKES, JOHN GRIFFIN AND JOHN E.
FOSTER, VICE-ORDINARIES.

In the matter of the estate of JOSIAH MORRIS, deceased.

[Submitted March 10th, 1916. Decided March 27th, 1916.]

1. Where the appellants, during six years prior to attacking an account of the executor, were cognizant of the cause assigned for opening it, they were guilty of laches in failing sooner to attack it.

2. An insane beneficiary under a will cannot, by her guardian, have the account of the executor opened and resettled on the ground of fraud or mistake by relying upon its voidability as to her, she having failed to establish the grounds alleged, since a proceeding to open an account admits the conclusiveness of the decree, but corrects only errors therein, and such beneficiary must assert voidability of the decree as to her in a distinct proceeding for that purpose.

11                                          (161)

On appeal to Salem county orphans court.

*Mr. Charles Mecum* and *Mr. Joseph R. Wilson,* for the appellant.

*Mr. Thomas G. Hilliard,* for the appellee.

BACKES, VICE-ORDINARY.

This appeal brings up for review an order of the Salem county orphans court refusing to open and resettle the supplemental account of David Wiley, executor of the above estate. The account was duly allowed April 20th, 1909, and the appellants moved to open it nearly six years afterwards, on the single ground that the executor had not charged himself with interest on funds in his hands. The proofs do not sustain the charge, and the court below, in its memorandum, demonstrated and found as a fact that the executor had accounted for all interest which was properly chargeable to him. In this I concur.

The delay of six years before making this attack, during all of which time the appellants were cognizant of the cause they now assign for disturbing the account, and in which time, upon two occasions, they submitted it for investigation to counsel of the highest standing, evinces gross laches or a lack of confidence in their complaint.

The appellants are two daughters of the testator, and beneficiaries under his will—one of whom is insane and appeared by guardian, another beneficiary, appointed in 1912 by a court in Pennsylvania. Her disability is not set up in the pleadings, but it is in the testimony that she was insane when the account was allowed, and, on the argument, it was contended that as to her the decree is voidable or an absolute nullity, and therefore it should be opened. This contention altogether ignores the nature and aim of the present proceeding, and is inadmissible, because, on an application to open and resettle an account, the conclusive character of the decree allowing it is necessarily admitted, and, upon proof of fraud or mistake, it is not opened generally, but only for the purpose of correction in particulars pointed out and established. Here the guardian of the incompe-

tent sought to further charge the executor with specific items of money, as set forth in the petition, and the only issue before the court below was whether the allegations were well founded. Failing in his proofs in this respect, he was not entitled to have the court set aside the decree *in toto,* because of his ward's disability at the time it was entered. If he desires to set up that the decree allowing the account is not binding upon the incompetent, the remedy must be found in some other form of action, in which the question may be directly raised and litigated.

I have been requested by the appellants, and it is consented to by the respondent, to modify the order appealed from by striking out all reference therein to the alleged lunacy of the incompetent. This I decline to do. The language employed in the order states correctly the futility of the plea of disability in these proceedings, in harmony with the view above expressed, and can have no extraneous effect to bar or embarrass the incompetent in the pursuit of any other remedy.

The order below will be affirmed, with costs, and the record remitted.